IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

IN RE:                                          )
                                                ) In Proceedings
  JUSTIN W JOHNSON and                         )
  AMY J JOHNSON,                               ) Under Chapter 13
                                                )
                    Debtors.          ) No. BK

CHAPTER 13 PLAN

This plan contains evidentiary matter which, if not controverted, may be accepted by the Court as true. Creditors cannot vote on this plan but they may object to its confirmation pursuant to Bankruptcy Code §1324. Any objection must be in writing and must be filed with the Court and served upon the debtor, debtor's counsel (if any), and the Chapter 13 Trustee on or before the confirmation date stated in the §341 meeting notice. Absent any such objection, the Court may confirm this Chapter 13 plan without a hearing.

I.    FUNDING OF PLAN

    The debtor is an individual who owed, on the date of the filing of the petition commencing this case, noncontingent, liquidated and unsecured debts totaling $51,703.00 and noncontingent, liquidated and secured debts totaling $92,043.00.

    Debtor(s) will apply the following:

    A.    Debtor's Net Monthly Income
          Monthly take home pay:    $3,102.05
          Plus other income:        $_____
          Minus expenses:         $2,942.00
          Surplus:                    $  160.05

    B.    Payments
          Amount and frequency:     $160.00

          __X__ Monthly           _____ Semi-monthly
          _____ Bi-weekly          _____ Weekly

          Duration:     48 Months

          Debtor(s) are also to pay $_____per _____ extra to the Trustee for payment of claims listed in Paragraph III(I)(3), for a total payment of $_____ per _____. **Not applicable**

          Source:     __X__ Debtor's employer
                        _____ Direct payments from debtor(s)

NAME AND ADDRESS OF PAYOR DESIGNATED ABOVE:

Illinois Department of Corrections
Withholding Agent
Attn: Patti Landers
1301 Concordia Court
Springfield IL 62794

C. Other Payments **Not applicable**

II. PRECONFIRMATION DISBURSEMENT
Preconfirmation disbursements will be made by the Trustee in accordance with paragraph II of the "Instructions for Chapter 13 Plans."

III. PAYMENTS TO CREDITORS
Payments to creditors will be made only if a claim is filed and allowed. The amounts and classifications stated are debtor's estimate of claims. The allowed claim amount and classification will control. From the payments received from debtor(s), the Trustee shall make disbursements in the following order:

A. Administrative Claims

1. Filing fee (unpaid portion) $_____
2. Notice fees ($0.50 per page per
   name on matrix) $132.00
3. Attorney's fees: (See IIIA(3) Instructions)

   The debtor and debtor's attorney have elected:

   Option 1 _____
   Option 2 __X__

   for the payment of attorney's fees.
   Total fees requested              $ 2,200.00
   Total fees paid prior to filing of the plan   $   515.00
   Total fees to be paid in the plan         $ 1,685.00

4. Trustee's fee: A percentage, set by the U.S. Trustee, of
   each distribution. (See IIIA(4) instructions)

5. Auto insurance premiums:              **Not applicable**
   (See IIIA(5) Instructions)

6. Attorney Notice Fee: After an Order by the Court is entered granting noticing fees, the Trustee will pay these fees as an administrative claim.

B. Past due real estate taxes: **Not applicable**

C.    <u>Home Mortgages/Residential Mobile Homes</u>: Monthly payments on mortgage(s) secured by debtor's residence shall be paid:

     \_\_\_\_\_ By the Trustee.

     __X__ By the debtor(s) directly to the creditor(s), unless an arrearage claim is filed and allowed, in which case the Trustee may move to increase the plan payments by an amount sufficient to pay the current mortgage payment and arrearage claim inside the plan and the debtor(s) will not object.

| Creditor | Estimated Monthly Payment | First Payment Due |
|---|---|---|
| Cendant Mortgage<br>PO Box 0112<br>Palatine, IL 60055 | $711.00 | At Filing |
| Homecomings Financial<br>PO Box 890036<br>Dallas, TX 75389 | $256.00 | At Filing |

The Trustee will pay 100% of arrearages plus interest at the rate of 0 %:
NO ARREARAGE IS THOUGHT TO EXIST.

D.    <u>Continuing Claims</u>: **Not applicable**

E.    <u>Current Child Support/Maintenance</u>: **Not applicable**

F.    <u>Executory Contracts and Leases</u>: **Not applicable**

G.    <u>Other Secured Claims</u>:
Creditors who claim a security interest in the property of the debtor must show perfection of such a security interest. If perfection is not shown, such claim may be subject to an action by the Trustee to avoid the alleged lien under §544(a) of the Bankruptcy Code. Such an action may be brought by the Trustee at any time within the time allowed by law. Insurance will be maintained upon such collateral at the debtor's expense, in accordance with the terms of the contract and security agreement creating such security interest. **Not applicable**

H.    <u>Priority Claims</u>: The Trustee will pay 100% of all claims entitled to priority under 11 U.S.C. §507, estimated to be as follows: **Not applicable**
Debtor does not seek to discharge any taxes for those years for which no tax returns were filed.

I.    <u>Separately Classified Claims</u>

    1.    <u>Claims with Co-debtors</u>: **Not applicable**

        2.      Priority Child Support/Maintenance Arrearage: **Not applicable**

       **3.**      Other: **Not applicable**

    J.    General Unsecured Claims: All other unsecured claims including the undersecured or deficiency portions of secured claims, will be paid by the Trustee as follows: Unsecured creditors to share in pro-rata distribution of all remaining funds. In the event that the number of unsecured creditors filing proofs of claim is less than the number of unsecured creditors listed in Schedule F, the Trustee will distribute all of the proceeds of the debtor's plan to those creditors whose claims have been filed and allowed, but not to exceed 100% of the amount of any claim.

    K.    Post-Petition Claims: Post-petition claims filed and allowed under 11 U.S.C. Sec. 1305 may be paid through the plan. The total base will be increased accordingly. Such payments will be funded either by increasing the duration of the plan or increasing plan payments.

    L.    Secured Claims: Except as otherwise ordered by the Court, holders of secured claims will retain their liens until completion of the plan.

    M.    Objections to Claims: Any objection to a timely filed unsecured claim will be filed within thirty (30) days following the expiration of the claims bar date for that claim. Objections to secured and/or amended claims will be filed within thirty (30) days from the claims bar date OR within thirty (30) days from the filing of the claim, whichever is later.

    N.    Other Provisions:

IV.    REVESTMENT: All property shall revest in the debtor upon confirmation except the debtor's post-petition income which shall not revest in the debtor(s) until such time as a discharge is granted or the case is dismissed. The debtor(s) shall have the right to the possession and use of all income not needed to fund this plan.

                                /s/JUSTIN W JOHNSON

<u>5/12/05</u>                          <u>                          </u>
DATE                            DEBTOR

                                /s/AMY J JOHNSON

<u>5/12/05</u>                          <u>                          </u>
DATE                            DEBTOR

                                /s/JAY B HOWD

<u>5/12/05</u>                          <u>                          </u>
DATE                            ATTORNEY FOR DEBTOR(S)